## No. 10,744.

### THE STATE OF LOUISIANA VS. MARION PERKINS.

1. As a general rule indictments for statutory offences need only follow the words of the statute.

2. The statute defining the offence of resisting an officer does not use the word "knowingly," and therefore it is not necessary to so allege in the indictment, though in this case, the knowledge is strongly implied in the charge that the resistance to the officer was "wilful, malicious and illegal."

3. It suffices to describe the warrant, execution of which is resisted, as having been issued by a particular officer whose name and office are described.

APPEAL from the Twelfth District Court, Parish of Rapides. *Blackman, J.*

*Walter H. Rogers*, Attorney General, for the State, Appellee.

*Robt. P. Hunter* for Defendant and Appellant.

The opinion of the court was delivered by

FENNER, J. The defendant was tried and convicted for the crime of resisting an officer.

Two errors are assigned, viz: (1) The overruling of a motion for new trial; (2) the overruling of a motion in arrest of judgment.

1. The sole ground assigned for the new trial was that the verdict,

State vs. Perkins.

is contrary to the law and the evidence. The bill of exceptions taken to the overruling recites certain contentions of counsel as to the nature and extent of the proof offered on the trial; but the judge in signing it ignores these contentions, and says: "The verdict of the jury was in accordance with the law and the evidence, and responsive to the charge of the court." The most lynx-eyed critic can discover in this no ground on which we could pronounce the ruling to be erroneous, in absence of both the evidence and the charge.

2. The motion in arrest is aimed at the indictment, which is charged to be fatally defective, in that it fails to allege knowledge in defendant that the person resisted was an officer, or that the process or warrant which he was executing was legal.

The crime is statutory, the statute not merely naming it as a common law offence, but defining and prescribing its constituent elements. The indictment follows the language of the statute, embracing all its requirements and even amplifying them.

We have heretofore held that "when acts specifically described are declared offences and the penalties described by statute, they are really statutory offences and are to be charged, not according to the strict requirements of the common law, but the indictment may follow the language of the statute." State vs. Philbin, 38 An. 967. The statute here does not embrace the word "knowingly" or its equivalent, and it was not necessary to use it in the indictment. 2 Bish. Crim. Proc., Sec. 887. It is, however, strongly implied in the language of the indictment that the defendant did "wilfully, maliciously and illegally resist" an officer.

Nor does the statute require a specific averment that the process, which the officer resisted was executing, was a legal process. The indictment qualifies the process as "writ, warrant or order of arrest issued by Opey Johnson, a justice of the peace in and for the said parish of Calcasieu," etc. This is sufficient under the statute. If Johnson was not a magistrate, or if the warrant of arrest was illegal and issued by him without authority, proof of such facts might be matter of defence, but they do not go to invalidate the indictment.

Judgment affirmed.